**UNITED STATES of America,**
**Appellee,**

v.

**Maynard Francis HAYES, Appellant.**

**No. 11032.**

United States Court of Appeals
Fourth Circuit.

Argued May 1, 1967.

Decided June 2, 1967.

Emory J. Kiess, Atlantic City, N. J. (Court-appointed counsel), for appellant.

Thomas J. Kenney, U. S. Atty. (Thomas P. Curran, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

The motion to dismiss this appeal because of the long continued default in the filing of a brief on behalf of the appellant will be denied, but Emory J. Kiess, Esquire will be relieved of his duties as court-assigned counsel and some other attorney will be provided to handle the appeal.

Hayes was convicted in the District of Maryland of offenses under the National Stolen Property Act. 18 U.S.C.A. § 2314. He was represented at the trial by Mr. Emory J. Kiess, of Atlantic City, New Jersey, a lawyer whom Hayes selected. Because of those circumstances, Mr. Kiess was appointed by this Court to represent Hayes in the appeal, and Mr. Kiess accepted the appointment.

After a default in the filing of a brief and appendix on behalf of the appellant, which was due on or before January 9, 1967, the Clerk of this Court contacted Mr. Kiess by telephone and was told by Mr. Kiess that he had been confused by the due dates and thought he had until February 9, 1967, within which to file the brief. It was suggested to him by the Clerk that he file a petition for an extension of time within which to file the brief and appendix, whereupon an order of the Court would then be issued setting new filing dates, and to that Mr. Kiess assented. No such petition was ever received, however, nor has Mr. Kiess ever tendered for filing a brief on behalf of the defendant.

On April 6, 1967, the Government filed a motion to dismiss the appeal because of the default, and that motion was set down for hearing on May 1, 1967. During the interim between the middle of January when Mr. Kiess agreed to file a petition for an extension of time within which to file his brief and appendix and May 1, 1967, nothing had been heard from Mr. Kiess by any member of this Court or by its Clerk. Letters addressed to him by the Clerk were unanswered and attempts to reach him by telephone were unavailing.

Mr. Kiess appeared in this Court for the hearing of the Motion on May 1, at which time he pleaded intermittent minor illnesses of sinusitis and arthritis and the press of other legal business, as his only explanation for his gross neglect of his responsibilities to Hayes and to this Court.

This Court endeavors to treat counsel, particularly court-assigned counsel, with consideration, and inadvertent oversights which are readily acknowledged and promptly rectified may be excused. Such complete indifference to his duties and obligations as a lawyer as to take absolutely no steps to comply with the rules of this Court, after the means of correcting an initial, apparently inadvertent, default had been tendered to him, is beyond our condonation. The persistent failure of Mr. Kiess to respond to the Clerk's letters and telephone calls, knowing that he was already in default in the filing of his brief, is inexcusable.

Hayes is now confined in a state prison in New Jersey, but he is confronted with the necessity of serving a six-year sentence imposed upon him in this case in the District Court of Maryland. The consequences of his lawyer's default should not be visited upon Hayes in the form of a loss of his right to appeal; the consequences should be visited upon the lawyer whose indifference to his obligations as a member of the Bar and as a prospective officer of this Court has resulted in an abysmal performance far below any minimal standard of professional conduct.

In somewhat similar cases, when a member of the Bar of this Court has been indifferent and neglectful, we have imposed disciplinary sanctions upon him. Mr. Kiess is not a member of the Bar of this Court, so that striking his name from the rolls or a suspension is not an available sanction. Censureship is appropriate, and we do express our censure of him.

The motion to dismiss the appeal is denied. Mr. Kiess is relieved of all further duties as court-assigned counsel and a responsible lawyer will be appointed to present the appeal for Hayes.

Motion to dismiss is denied.