**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Antonio Maceo SMITH, Defendant-Appellant.**

**In the Matter of the Discipline of Richard A. WALTON, an Attorney-at-law.**

**No. 25995.**

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1970.

Richard A. Walton, of Dahlstrum, Walton & Butts, Hollywood, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

PER CURIAM.

On October 15, 1970, this court made an order directed to Attorney Richard A. Walton, providing, in part, as follows:

"2. Attorney Walton shall show cause before this court, in writing, on or before the 30th day of October, 1970, why he should not be:

a. Suspended or disbarred from practice in this court, under Rule 46 (b) of the Federal Rules of Appellate Procedure, on the ground that he had been guilty of conduct unbecoming a member of the Bar of this court.

b. Otherwise disciplined under Rule 46(c) of the Federal Rules of Appellate Procedure for conduct unbecoming a member of the Bar of this court, and for failure to comply with the Federal Rules of Appellate Procedure and the rules of this court.

c. Adjudged to be in contempt of this court for failure to appear before this court as directed on October 14, 1970.

3. In his written return to this order, Attorney Walton shall state whether he desires to have an oral hearing. If he does desire such a hearing, it will be held at the courtroom of this court at Los Angeles, California, on the sixteenth floor of the United States Courthouse, at 2:00 P.M. on November 5, 1970."

A certified copy of that order was served upon Richard A. Walton personally by the United States Marshal on October 19, 1970. Richard A. Walton has not shown cause before this court, either in writing or otherwise, in response to that order. He is in default for failure to show cause as ordered.

On the basis of the facts recited in our order of October 15, 1970, and of the files and records of this court, we make the following

## FINDINGS OF FACT

1. On September 15, 1969, Antonio Maceo Smith was adjudged guilty in the United States District Court for the Central District of California, Criminal No. 3828, of violating Title 18 U.S.Code § 473, and judgment of conviction and sentence was entered. On the same day a notice of appeal from that judgment was filed by Charles Lloyd, attorney for Smith.

2. On September 17, 1969, a copy of the notice of appeal and of the docket entries in the case were transmitted to this court by the Clerk of the United States District Court.

3. On May 27, 1970, the Clerk of this court, by letter to appellant Smith, advised him that the District Court record in the case of United States v. Smith had not been sent to this court and that the appeal had never been docketed in this court, and that on or about June 4, 1970, the Clerk would suggest to the court that the appeal be dismissed for want of prosecution.

4. On June 9, 1970, Attorney Richard A. Walton advised the Clerk of this court by letter received June 15, 1970, as follows:

"It is the intention of the defendant to pursue his appeal. There is a question of representation which has created a little confusion at this end. The attorney who filed the Notice of Appeal recently suffered a heart attack, and his office presently has no record of the case.

"But our office has filed a Designation of Record on Appeal and has requested the trial transcript from the court reporter, Mrs. Virginia Wright.

"The docket fee of $25.00 is enclosed."

5. On June 12, 1970, Virginia K. Wright, the official court reporter for the United States District Court, advised the Clerk of this court by letter as follows:

"June 11th I received a letter from Attorney Richard A. Walton, dated June 9th, relative to preparating [sic] transcript for purposes of appeal in the above-entitled cause.

"This date, June 12, I have advised Mr. Walton by letter receipt of his request for transcript and requesting a deposit so preparation of the transcript can be started."

6. On June 16, 1970, the Clerk of this court advised Attorney Walton by letter that the Chief Judge of this court had stated that the case of United States v. Smith would be heard in Los Angeles in September, and concluded his letter as follows:

"This means you will have to expedite these appeals. These appeals have already been too long delayed."

7. On August 26, 1970, the Clerk of this court advised Attorney Walton by letter that the District Court record had not been sent to this court in the case of United States v. Smith, and that he had failed to expedite the appeal. The Clerk further advised that on or about September 4, 1970, he would suggest to the court that the appeal be dismissed for want of prosecution.

8. On September 3, 1970, Attorney Walton wrote to the Clerk of this court as follows:

"We are in the process of gathering moneys to pay for the cost of preparation of the Smith trial transcript, which has been estimated at $350.00. To the extent that the defendant is unable to pay this cost, our office will advance him the difference so that the transcript might be prepared.

"I filed a Designation of Record on Appeal on June 9, the last time you were prodding us on this appeal.

"Once I have received the transcript, I will file the opening brief within a week thereafter. I shall try to contact the reporter immediately to determine when the transcript will be available."

9. On October 1, 1970, this court entered an order that the appeal will stand dismissed for want of prosecution unless within thirty days it has been perfected through Designation of Record on Appeal and filing of reporter's transcript. That order further directed that Richard A. Walton appear before this court in courtroom No. 2 in San Francisco at 2 o'clock P.M. on Wednesday, October 14, 1970 and show cause why he should not be disciplined for failure to prosecute this appeal in timely fashion despite notice that the matter had been ordered expedited for hearing.

10. On October 14, 1970, the Clerk of this court received from Richard A. Walton a document entitled "Notice of Motion and Motion to Extend Time of Hearing on Order to Show Cause." In support of that motion Richard A. Walton filed an affidavit which states, among other things, as follows:

a. That he has been continuously engaged since September 10, 1970 in a jury trial in a case entitled People v. Miller, No. A 257823 in the Superior Court of Los Angeles County, California, in which the District Attorney of Los Angeles County is seeking a death penalty.

b. That the District Attorney had presented approximately 70 witnesses and offered in evidence more than 150 exhibits during the course of the trial.

c. That Attorney Walton began the presentation of defense evidence on October 6, 1970, that defendant Miller commenced his testimony on October 9, 1970 and was to continue said testimony on October 13, 1970.

d. That Attorney Walton appeared personally in the office of the Clerk of this court in San Francisco on October 12 thinking that it might be possible to advance the hearing on the order to show cause by two days and thus avert a failure to appear on October 14, 1970 that might be misunderstood by the

court. That he was told by the Clerk that he should make every effort to appear on October 14, that if he found it impossible to do so, he should submit a motion in writing accompanied by affidavit and that the Clerk would present his papers to the court.

e. He further states:

"TWELVE: That this conflict has weighed very heavily upon my mind in recent days and I have resolved it in a manner that I feel works the least hardship upon the greatest number of people at the risk of further deteriorating my already precarious position before the Court of Appeals.

"THIRTEEN: That I am sincerely sorry if the Court of Appeals is inconvenienced and reaffirm that I will appear before the Court at any other date which may be designated for a hearing on the order to show cause."

11. On the morning of October 14, 1970, a woman purporting to be the secretary of Attorney Walton, telephoned to inquire of the Clerk whether the court had granted Attorney Walton's motion. She was told that the court had not acted on the motion and would assemble for the hearing on the order to show cause at 2 o'clock on that day.

12. The court did so assemble and take the bench on that day, but Attorney Walton did not appear, either by making a written return, or by counsel, or in person.

13. Except as above stated, Attorney Walton has never filed any papers or taken any action whatever in this court in the prosecution or presentation of his client's appeal.

14. On October 14, 1970, the Clerk of this court was informed by Virginia K. Wright, the court reporter for the United States District Court, by telephone, that on June 12, 1970, she advised Attorney Walton by letter that the cost of preparing a reporter's transcript would be $350, and that she had had no communication from him since that time.

15. On October 16, 1970, Walton paid $350 to Virginia K. Wright, the court reporter, for preparation of the transcript of testimony in the case of United States v. Smith.

16. Walton's letter of June 9, 1970 was calculated to and did deceive this court into believing that the record on appeal would be promptly prepared.

17. Walton's letter of September 9, 1970 was calculated to, and did, deceive this court into believing that the cost of the reporter's transcript would be promptly paid. Yet he did not pay it until after this court issued its first order to show cause on October 1, 1970, and after he had failed to appear before this court on October 14, 1970, as was required by this court's order of October 1, 1970.

18. Attorney Walton knew, long before October 14, 1970, that the case of People v. Miller would almost certainly be on trial in Los Angeles on October 14, 1970. Yet he did nothing to obtain the permission of the Superior Court to be absent from the trial on the afternoon of October 14, and he did nothing to obtain an extension of time from this court until October 12, and even then he did not make any attempt to make any showing to this court as to why he should be relieved of his obligation to appear. He deliberately chose to disregard this court's order of October 1, 1970.

19. Attorney Walton has not at any time taken any steps to obtain any order of this court relieving his client Smith from his long standing default in perfecting Smith's appeal.

From the foregoing, we draw the following

## CONCLUSIONS OF LAW

A. Attorney Richard A. Walton has grossly neglected his duty to his client to protect his client's right to appeal and to prosecute that appeal with dispatch. His client has been and still is, in danger of losing his right to appeal because of Walton's gross neglect of duty.

B. Attorney Richard A. Walton has imposed on this court by telling it half truths, and has willfully neglected his duty to this court by failure to expedite the appeal of his client as directed by this court.

C. Attorney Richard A. Walton is in contempt of this court by reason of his failure to appear before it, as ordered, on October 14, 1970.

### JUDGMENT

It is therefore adjudged that:

1. For gross neglect of duty to his client, Richard A. Walton is fined the sum of seven hundred and fifty ($750.-00) dollars.

2. For imposing upon this court, and for neglect of duty to this court, Richard A. Walton is fined the sum of seven hundred and fifty ($750.00) dollars.

3. Richard A. Walton is in contempt of this court in failing to appear before it on October 14, 1970, in defiance of this court's order that he do so. For that contempt, Richard A. Walton is fined the sum of five hundred ($500.00) dollars.

4. The fines hereby imposed are cumulative, a total of two thousand ($2,-000.00) dollars.

5. The fines hereby imposed shall be paid on or before January 4, 1971, and shall be paid to the Clerk of the United States District Court for the Central District of California, and a copy of the Clerk's receipt therefor shall be filed with the Clerk of this court.

6. If the fines hereby imposed are not paid within the time specified in this order, the matter will be again brought before the court for appropriate action.

7. A copy of the foregoing Findings of Fact, Conclusions of Law and Judgment shall be promptly forwarded by the Clerk of this court to the Secretary of the State Bar of California.