STATE of Iowa, Plaintiff,

v.

John BRUNO, Defendant.

STATE of Iowa, Plaintiff,

v.

William M. SLAWSON, Jr., Defendant.

STATE of Iowa, Plaintiff,

v.

Jay Clark CHRISTENSEN, Defendant.

Discipline of James L. WAITE,
an Attorney at Law.

Nos. 54760, 54759 and 54758.

Supreme Court of Iowa.

April 20, 1972.

PER CURIAM.

May 11, 1970 defendant John Bruno gave notice of appeal from his conviction and sentence for the crime of selling hallucinogenic drugs. May 25, 1970 James L. Waite was appointed as counsel to prosecute Bruno's appeal. After obtaining several extensions of time to file the abstract of record, Waite was ordered to appear be-

fore this court to explain his failure to do so. He gave no valid reason for his neglect to properly prosecute the appeal. On September 22, 1971, we ordered Waite to file the abstract of record by October 22, 1971. He has ignored that order. No record has been filed to date. When cited to show cause why he should not be disciplined, for failure to comply with our rules and orders, he advanced nothing to excuse or mitigate his conduct.

Following his plea of guilty and subsequent sentencing for unlawful and felonious possession of hallucinogenic drugs defendant William M. Slawson, Jr., gave notice of appeal. On October 13, 1970, James L. Waite was appointed appeal counsel. He obtained several extensions of time to file the abstract of record but failed to do so. He was cited before this court and offered no valid excuse for his neglect. He was ordered to file the abstract of record by October 22, 1971. It was filed October 26, 1971. Under our long established rules an appellant's brief and argument is to be filed within 45 days after filing the record. No brief and argument has been filed. When cited to show cause why he should not be disciplined, Waite stated he thought the brief and argument had been filed but when questioned further admitted none had been prepared.

Like his co-defendant Slawson, Jay Clark Christensen entered a plea of guilty to the same charge and Waite was appointed to prosecute his appeal. The facts regarding Christensen's appeal are the same as stated above in reference to that of Slawson.

None of the three named defendants have been held in custody during the appeals. Waite believes they are no longer in this State. No doubt they have relied upon him to perfect their appeals. He has not notified them to the contrary.

Under the undisputed facts before us it clearly appears Attorney James L. Waite has grossly neglected his duty to his clients. He has imposed on this court and

willfully neglected his duty to this court by failure to expedite the appeals of his clients as directed. When a member of the Bar of this Court so conducts himself we must and will impose disciplinary sanctions upon him. Rule 347(a) Rules of Civil Procedure; United States v. Smith, 9 Cir., 436 F.2d 1130 (1970); United States v. Hayes, 4 Cir., 378 F.2d 567 (1967).

It is therefore ordered that:

(1) Attorney James L. Waite be and he is hereby censured for his indifference and gross neglect of duty.

(2) Attorney James L. Waite be and is hereby removed as counsel in each of the three above entitled appeals. The trial court is directed to appoint other counsel in each case.

(3) Attorney James L. Waite is not to be paid for services rendered or any expenses incurred in said three appeals.

(4) Attorney James L. Waite is not to be appointed in other criminal cases until further order of this court.