**STATE of Iowa, Appellee,**

v.

**Gary E. THOMPSON, Appellant.**

**No. 55319.**

Supreme Court of Iowa.

July 3, 1973.

PER CURIAM.

On December 28, 1971, notice of appeal was filed in this cause by appellant's counsel, Donald R. Weisert. The State filed a motion to dismiss the appeal on November 29, 1972, pursuant to Supreme Court Rule 15.2(c), on the ground defendant had neither filed an abstract of record nor communicated with the State for any extension. On the same date we set hearing on the motion for December 11, 1972, and ordered attorney Weisert to promptly file a statement setting forth any reason he had for not complying with our appellate rules.

On December 11, 1972, Donald R. Weisert filed a written statement alleging his delinquency was due to the press of income tax and probate work, and an undefined illness of only limited duration. Four days later we ordered him to prepare and file the abstract of record before February 12, 1973. On February 26, 1973, the court again ordered him to file the abstract within ten days, and directed his attention to State v. Bruno, 196 N.W.2d 539 (Iowa 1972), a disciplinary proceeding.

When attorney Weisert continued to ignore our orders and communications, he was cited to appear before the full bench

on May 16, 1973, to show cause why disciplinary action should not be taken against him. At that time he had no adequate excuse for his delinquencies. Weisert gave no indication to the court he understood our statutes and rules relating to criminal case appeals. He was promptly ordered to withdraw from the cause and his client notified to obtain other counsel. We retained jurisdiction to take further action.

■ This matter has now had further study and consideration. The court finds attorney Donald R. Weisert has violated canon 6 of the Iowa Code of Professional Responsibility for Lawyers:

"EC 6–1 Because of his vital role in the legal process, a lawyer should act with competence and proper care in representing clients. He should strive to become and remain proficient in his practice and should accept employment only in matters which he is or intends to become competent to handle."

This attorney has ignored the following related disciplinary rule:

"DR 6–101 Failing to Act Competently.

(A) A lawyer shall not:

(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him."

Weisert has further violated his duty to this court by failing to respond to orders we issued to secure conformance with our appellate rules. This constitutes grounds for revocation or suspension of his license to practice law. See § 610.24(2), The Code.

■ It is therefore ordered that:

(1) Attorney Donald R. Weisert be and he is hereby censured for his neglect of duty and his violations of canon EC 6–1 and disciplinary rule DR 6–101, Iowa Code of Professional Responsibility for Lawyers.

(2) Attorney Donald R. Weisert shall not accept employment or appointment in the defense of a criminal proceeding in any Iowa court, or representation of a person before a Mental Health Commission, unless he shall promptly associate in such litigation with a lawyer competent and experienced in handling such matters.

(3) This court retains jurisdiction to modify the restriction contained in the last numbered paragraph, upon application of attorney Donald R. Weisert, and proof that he is then competent and qualified in such litigation and recognizes his responsibilities to his client and this court with respect to criminal case appeals.